IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| HERSCHEL L. BEATTY, an individual | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 11-CV-574-JHP-PJC |
| vs. | ) ) ) | |
| FRONTIER INTERNATIONAL TRUCKS, INC. A Foreign For Profit Business Corporation | ) ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court Plaintiff's Motion for Remand of His Claim For Wrongful Termination Under 85 O.S. §5 and Incorporated Memorandum of Law,[1] Response to Plaintiff's Motion to Remand of his Claim for Wrongful Termination Under 85 O.S. §5,[2] and Plaintiff's Reply to Motion for Remand of His Claim For Wrongful Termination Under 85 O.S. §5.[3] For the reasons stated below, Plaintiff's Motion for Remand is **DENIED**.

**BACKGROUND**

On August 25, 2011, Plaintiff filed the instant action in Tulsa County District Court asserting claims of (1) age discrimination in violation of the Age Discrimination in Employment Act (ADEA), (2) age discrimination in violation of Oklahoma State title 25, §§1101, 1302, (3) discrimination

---

[1]Docket No. 17.

[2]Docket No. 20.

[3]Docket No. 23.

1

based on disability in violation of the Americans With Disabilities Act (ADA), (4) discrimination based on disability in violation of Oklahoma State title 25, §§1101, 1901, (5) wrongful termination in violation of Oklahoma State title 85, §5, and (6) Intentional Infliction of Emotional Distress.[4] On September 12, 2011, Defendant removed the action to this Court based on federal question jurisdiction under 28 U.S.C. §§ 1331, 1367, 1441, and 1446.[5] At the time of removal, Plaintiff's Petition included a cause of action for retaliatory termination arising under the workmen's compensation laws of the State of Oklahoma.[6] Despite the existence of this claim, Plaintiff failed to object to removal by filing an appropriate motion to remand within the thirty day time frame provided under 28 U.S.C. §1447(c).

At a status and scheduling conference on February 3, 2012, nearly five months after removal, Plaintiff first raised the issue that his claim for retaliatory discharge under Oklahoma State title 85, §5 was not removable pursuant to 28 U.S.C. §1445(c). The parties disagreed as to whether or not the inclusion of this claim defeated this Court's subject matter jurisdiction, thus requiring remand of the entire case.

The Court granted Plaintiff leave to file argument as to whether he should be permitted to file a motion for remand out of time. Plaintiff instead filed a Motion to Remand, which both parties briefed fully.[7] In his Motion, Plaintiff concedes that his failure to move for remand within the thirty day window has waived any objection to removal on the remaining claims and seeks remand of only

---

[4] *See generally*, Petition at Docket No. 2-1.

[5] Notice of Removal at 1-2, Docket No. 2.

[6] *See* Petition at 6-7, Docket No. 2-1.

[7] Docket No.'s 17, 20, and 23.

2

the retaliatory discharge claim under Oklahoma State title 85, §5 based on the allegation that the Court lacks subject matter jurisdiction over this claim pursuant to 28 U.S.C. §1445(c).[8]

**DISCUSSION**

There is no question that Plaintiff's claim for retaliatory discharge under Oklahoma State title 85, §5 is generally nonremovable pursuant to the statutory provision of 28 U.S.C. §1445(c). Here the Court must answer whether §1445(c) implicates the Court's subject matter jurisdiction, and is therefore subject to challenge at any time before final judgment, or whether the prohibition is procedural and thus subject to waiver based on the thirty day window for filing a motion to remand pursuant to 28 U.S.C. §1447(c).[9]

The Tenth Circuit, in *Feichko v. Denver & Rio Grande Western Railroad Company*, stated "that removal in violation of a statutory provision does not deprive a federal district court of subject matter jurisdiction so long as the court would have had original jurisdiction over the case had it been filed there in the first instance."[10] The Circuit Court went on to hold that "removal in violation of section 1445(a) may be waived by a plaintiff, [ ] by a failure to move the district court to remand."[11]

The prohibition contained in §1445(c) at issue here is not functionally distinct from the one in 1445(a) addressed by the *Feichko* court. Therefore, if this Court would have had original subject matter jurisdiction over this matter at the time of filing, then removal in violation of 1445(c) does not deprive this Court of subject matter jurisdiction. Here, the Court would have had original

---

[8] See Plaintiff's Motion at 4, n.1, Docket No. 17 (*citing Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx.752 (10th Cir.2004)).

[9] 28 U.S.C. 1447(c).

[10] *Feichko v. Denver & Rio Grande Western R. Co.*, 213 F.3d 586, 591 (10th Cir.2000).

[11] *Id.*

3

jurisdiction under 28 U.S.C. §1331 at the time of filing based on a number of Plaintiff's federal claims, therefore this Court has subject matter jurisdiction over the claim. Plaintiff's attempt to procedurally distinguish *Feichko* fails, as both the *Feichko* court and Defendant cite a large body of concurring precedent, all with different procedural postures, confirming the non-jurisdictional nature of §1445.[12]

As removal in violation of §1445(c) does not deprive this Court of subject matter jurisdiction, Plaintiff's Motion for Remand must comport with the thirty-day timing requirements of 28 U.S.C. §1447(c).[13] Here Plaintiff did not object to this violation until nearly five months after removal, well outside the thirty day period delineated in the statute, therefore Plaintiff's Motion for Remand is out of time pursuant to §1447(c). Consequently, this Court is without authority to remand Plaintiff's claim, despite Defendant's removal in violation of the procedural requirements of §1445(c) [14]

The Court rejects Plaintiff's argument that this decision renders the nonremovability provisions of §1445 meaningless. On the contrary, cases falling under the auspices of §1445 remain

---

[12]*Feichko*, 213 F.3d at 591 (*citing Belcufine v. Aloe*, 112 F.3d 633, 638 (3d Cir.1997); *Barbara v. New York Stock Exch. Inc.*, 99 F.3d 49, 55-56 (2nd Cir.1996); *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir.1987) (*en banc*); *Carpenter v. Baltimore & Ohio R.R.*, 109 F.2d 375, 379-80 (6th Cir.1940)). *See also Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783,788 (5th Cir.1993) (holding §1447(c) was non-jurisdictional); *Vasquez v. N. County Transit Dist.*292 F.3d 1049, 1062 (9th Cir.2002) (holding §1447(c) was non-jurisdictional/waiveable).

[13]28 U.S.C. §1447(c) ("A motion to remand the case on the basis of *any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)") (*emphasis added*).

[14]*See Farmland,* 98 Fed. Appx.752 at \*\*2 (holding appellee's motion to remand was untimely to raise procedural defects under §1447(c), therefore district court not authorized to remand based on procedural defect).

subject to remand when objections are timely entered by the non-removing party. Further, as Plaintiff cites, the Congressional intent of §1445 was to decrease the "already overburdened docket of the federal courts."[15] Granting Plaintiff's motion to remand does little to address this issue, as it does not

dispose of this case, but merely one claim within it. In fact, remanding this claim runs counter to the Congressional intent of §1445 as it would burden this Court, the state court, and both parties with tracking multiple suits involving the same parties and the same common nucleus of facts.

### CONCLUSION

Because Plaintiff's Motion for Remand does not properly challenge this Court's subject matter jurisdiction, it is out of time pursuant to the timing provision of 28 U.S.C. §1447(c). Consequently, Plaintiff's Motion for Remand is **DENIED**.[16]

_____
James H. Payne
United States District Judge
Northern District of Oklahoma

---

[15] *See* Plaintiff's Reply at 3, Docket No. 23 (*citing Jones v. Roadway Exp, Inc.*, , 931 F.2d 1086, 1091 (10th Cir.1991) (*citing* S. Rep. No. 1830, 85th Cong., 2nd Sess., reprinted in 1958 U.S. Code Cong. & Admin. News 3099, 3103-06)).

[16] Docket No. 17.